LATHAM & WATKINS LLP
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Gary Feinerman (*pro hac vice* forthcoming)
*gary.feinerman@lw.com*
Kathryn J. George (*pro hac vice* forthcoming)
*katie.george@lw.com*
330 N. Wabash Ave., Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700

*Attorneys for Defendant*
*Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| NICHOLAS ROBINSON, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>META PLATFORMS, INC.,<br><br>Defendant. | Case No. 3:26-cv-01616<br><br>**DEFENDANT META PLATFORMS, INC.'S NOTICE OF REMOVAL**<br><br>**DEMAND FOR JURY TRIAL**<br><br>*From the Superior Court of the State of California, County of San Mateo, Case No. 26-CIV-00466* |

**TO THE CLERK OF COURT, PLAINTIFFS, AND COUNSEL OF RECORD:**

1. **PLEASE TAKE NOTICE** that Defendant Meta Platforms, Inc. ("Meta"), through undersigned counsel, hereby removes the above-captioned action—with reservation of all defenses and rights—from the Superior Court of the State of California for the County of San Mateo to the United States District Court for the Northern District of California, pursuant to the Class Action Fairness Act ("CAFA") and 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453.

2. For the sole and limited purpose of establishing the basis of this Court's jurisdiction over this action, Meta assumes the truth of Plaintiff's allegations.

## I. PROCEDURAL AND FACTUAL BACKGROUND

3. On or about January 20, 2026, Plaintiff Nicholas Robinson ("Plaintiff") filed a Class Action Complaint ("Complaint") in the Superior Court of the State of California, County of San Mateo, captioned *Nicholas Robinson v. Meta Platforms, Inc.*, Case No. 26-CIV-00466. A copy of the Complaint is attached hereto as **Exhibit A**.

4. On January 26, 2026, Meta was personally served with the Complaint and Summons. The Complaint asserts a claim against Meta for violation of the California Comprehensive Computer Data Access and Fraud Act ("CDAFA"), Cal. Penal Code § 502, et seq. Ex. A ("Compl.") ¶¶ 125-134.

5. Plaintiff alleges that Meta accessed, obtained, possessed, and used voiceprints and related biometric information from California users of its Facebook and Messenger platforms. *Id.* ¶¶ 1, 4-6.

6. Plaintiff purports to bring this action on behalf of himself and "all persons in California whose Digital Voice Data, Voice Characteristics, and/or a Voice Profile were accessed, collected, stored, and used by Defendant." *Id.* ¶ 114.

## II. THIS COURT HAS JURISDICTION PURSUANT TO CAFA

7. This case is removable, and this Court has jurisdiction over this action pursuant to CAFA and 28 U.S.C. §§ 1332(d), 1441(a), and 1453, because: (1) this case is a putative class action with more than 100 members in the proposed class; (2) there is minimal diversity, since at least one member of the proposed class and Meta are citizens of different states; and (3) the

Complaint places in controversy an amount that exceeds $5 million in the aggregate, considering all damages and equitable relief sought on behalf of Plaintiff and the proposed class, exclusive of interests and costs. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5)(B), (d)(6).

8. A notice of removal "need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014); *see also Salter v. Quality Carriers, Inc.*, 974 F.3d 959, 963 (9th Cir. 2020) (same). Meta need provide only "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that the jurisdictional requirements of CAFA are satisfied. *Dart Cherokee*, 574 U.S. at 89. Thus, while Meta denies any and all liability as to Plaintiff's claims and denies that this matter should proceed at all, let alone as a class action, each of the jurisdictional requirements of CAFA is satisfied here.

### A. This Is A Putative Class Action In Which The Proposed Class Exceeds 100 Members

9. A "class action" under CAFA includes any civil action filed under Federal Rule of Civil Procedure 23 or a "similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

10. This lawsuit meets that definition. Plaintiff sues "on behalf of himself" and a class of "persons in California." Compl. ¶ 114; *see also id.* ¶ 1; Cal. Code Civ. Proc. § 382 ("[W]hen the question is one of a common or general interest, of many persons, or when the parties are numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all.").

11. For removal purposes, CAFA requires that the proposed class consist of at least 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

12. The Complaint defines the putative class as "[a]ll persons in California whose Digital Voice Data, Voice Characteristics, and/or a Voice Profile were accessed, collected, stored, and used by Defendant," Compl. ¶ 114, and asserts that the class "are so numerous that joinder of all members is impracticable.," *id.* ¶ 120.

13. There can be no meaningful dispute that this alleged class satisfies CAFA's numerosity requirement. Plaintiff alleges that Meta accessed, collected, stored, and used the at-issue "Digital Voice Data, Voice Characteristics, and/or a Voice Profile" when Facebook and

Messenger users used the audio features on those platforms. ¶¶ 109-13. Plaintiff does not set forth a specific class size estimate, but does quote from and reference Meta's 2024 annual report, *id.* ¶ 10 n.1, which discloses that, as of December 31, 2024, there were an average of 3.35 billion people per day that used Meta's family of apps, including Facebook, Messenger, Instagram, and WhatsApp. Meta's 2024 10-K at pp. 4, 60. While the class alleged here is limited by geography, app, and use of audio features, "in the absence of any suggestion in the complaint that the class includes only a very limited subset of" Meta users, Meta "can reasonably assume, when removing this case, that the number of class members here" exceeds 100 people. *Campbell v. Honey Science, LLC*, 797 F. Supp. 3d 1080, 1087 (N.D. Cal. 2025) (denying motion to remand where notice plausibly alleged CAFA's numerosity and amount in controversy requirements). Accordingly, 28 U.S.C. § 1332(d)(5)(B) is satisfied.

**B. There Is Minimal Diversity Among The Parties**

14. To establish federal jurisdiction, a defendant must show only that "any member of a class of plaintiff is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). "CAFA was intended to strongly favor federal jurisdiction over interstate class actions." *King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 878 (9th Cir. 2018). Removal is therefore proper when even one proposed class member is a citizen of a state different from a defendant's state of citizenship. *See Broadway Grill, Inc. v. Visa Inc.*, 856 F.3d 1274, 1275-76 (9th Cir. 2017) ("Under CAFA there is sufficient diversity to establish federal diversity jurisdiction so long as one class member has citizenship diverse from that of one defendant.").

15. Meta is a Delaware corporation with its principal place of business in California. Compl. ¶ 16. Meta is therefore a citizen of Delaware and California for purposes of diversity jurisdiction in this action. *See Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182 (9th Cir. 2004) ("[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." (quoting 28 U.S.C. § 1332(c)(1))); *see also Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 575 (2004) (holding that citizenship for purposes of diversity jurisdiction is assessed at the time of the filing of the complaint).

16. According to the Complaint, Plaintiff is a citizen of California, and thus a citizen of California for purposes of diversity jurisdiction. Compl. ¶ 15.

17. According to the Complaint, the proposed class is composed of "all persons in California whose Digital Voice Data, Voice Characteristics, and/or a Voice Profile were accessed, collected, stored, and used by Defendant." *Id.* ¶ 114. Many "persons" in the state of California at any given time are not citizens of California. *See Mondragon v. Cap. One Auto Fin.*, 736 F.3d 880, 884 (9th Cir. 2013) (listing "members of the military, [] out-of-state students, [] owners of second homes, [] other temporary residents who maintained legal citizenship in other states, and [] persons who live in California but are not U.S. citizens" as examples of non-citizens of California for diversity purposes). Meta is informed and believes, and on that basis alleges, that at least one member of the purported class is a citizen of a state other than Delaware or California. *See Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1227 (9th Cir. 2019) ("A party's allegation of minimal diversity may be based on 'information and belief'" and "need not contain evidentiary submissions." (citation omitted)); *Broadway Grill*, 856 F.3d at 1276 (where proposed class covered "all California individuals, businesses and other entities who accepted Visa-branded cards in California since January 1, 2004," many "members of the class as originally described, are not citizens of California," so "the [minimal diversity] requirement was met").

18. Diversity of citizenship thus exists between Meta and at least one other member of the proposed class. Removal is therefore proper. *See* 28 U.S.C. § 1332(d)(2)(A).

**C. The Amount In Controversy Exceeds $5 Million**

19. As an initial matter, Meta denies that Plaintiff or members of the putative class are entitled to the damages and other relief that Plaintiff seeks. Plaintiff's allegations are entirely without merit, and class treatment is not appropriate in this case. For purposes of this Notice of Removal, however, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and thus satisfies the amount-in-controversy jurisdictional requirement of CAFA. *See* 28 U.S.C. § 1332(d)(2).

20. CAFA provides that "[i]n any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or

value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). The amount in controversy is first determined by reviewing the allegations of the operative complaint. *See Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy."). Where a complaint does not state a dollar amount, a defendant's notice of removal under CAFA need include "only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee*, 574 U.S. at 89.

21. Plaintiff seeks, among other things, (i) "damages and/or disgorgement in amounts to be determined by the Court and/or jury"; (ii) "prejudgment interest"; (iii) "injunctive relief," and (iv) "reasonable attorneys' fees and expenses and cost of suit[.]" Compl., Prayer for Relief ¶¶ e-h; *see also Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) ("Among other items, the amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract."); *Anderson v. Seaworld Parks & Entm't, Inc.*, 132 F. Supp. 3d 1156, 1164 (N.D. Cal. 2015) (including value of future ticket sales that would be lost as the result of having to modify purportedly deceptive advertising in determining amount in controversy).

22. Though the Complaint does not identify a dollar amount of damages, as noted above, Plaintiff alleges that "the members of the class are so numerous that joinder is impracticable." Compl. ¶ 120. Plaintiff seeks compensatory damages on behalf of himself and the putative class as well as disgorgement "in an amount to be proven at trial." *Id.* ¶ 132. Plaintiff does not allege the amount to be disgorged, but it is plausible that the amount Plaintiff seeks exceeds $5 million: Plaintiff alleges that Meta "generated over $160.6 Billion" in advertising revenue in 2024, and that Meta profits from "biometric data" allegedly used in its advertising systems. *Id.* ¶¶ 12-13. To be clear, Meta denies that any of its advertising revenue is subject to disgorgement here, but if Plaintiff sought disgorgement of even one one-hundredth of 1% of the alleged 2024 revenue, the amount at issue would far exceed $5,000,000. The amount in controversy thus satisfies the CAFA requirement. *Id.*, Prayer for Relief ¶¶ e-h.

23. Plaintiff seeks injunctive relief as well, which is properly included in the amount-in-controversy calculation. *See Fritsch*, 899 F.3d at 793. Although the Complaint fails to identify the specific injunctive relief sought, given the allegations in the Complaint, injunctive relief could range from changes to the technology at issue and Meta's advertising systems to modifications to consent, which would contribute to the $5 million amount in controversy requirement.

24. Finally, Plaintiff's request for attorneys' fees further contributes to the amount in controversy, especially where, as is the case here, the relevant statute provides for such awards. *Shoner v. Carrier Corp.*, 30 F. 4th 1144, 1148 (9th Cir. 2022); *see* Cal. Penal Code § 502(e)(2) (allowing recovery of "reasonable attorney's fees" under CDAFA). Any award of attorneys' fees, if ordered by the Court, would impose costs on Meta that would only add to the amount in controversy, which already exceeds $5 million for purposes of removal.

## III. REMOVAL VENUE

25. This is the appropriate Court for removal because the San Mateo County Superior Court where the removed case was pending is located within this District. *See* 28 U.S.C. §§ 84(a), 1441(a), 1446(a).

## IV. COMPLIANCE WITH REMOVAL PROCEDURE

26. Meta accepted service of the Complaint and Summons on Meta on January 26, 2026. Thus, this Notice of Removal is timely under 28 U.S.C. § 1446(b), as it is filed within 30 days of service.

27. Pursuant to 28 U.S.C. § 1446(a), attached hereto and marked as Exhibits A-F are true and correct copies of the Complaint and all process, pleadings, and orders served upon Meta:

a. A copy of the Complaint is attached hereto as **Exhibit A.**

b. A copy of the Summons is attached hereto as **Exhibit B**.

c. A copy of the Civil Cover Sheet is attached hereto as **Exhibit C**.

d. A copy of the Notice of Assignment is attached hereto as **Exhibit D**.

e. A copy of the Proof of Service or Summons is attached as **Exhibit E.**

f. A copy of the Case Management Order No. 1 is attached as **Exhibit F**.

g. A copy of the San Mateo Superior Court docket sheet is attached as **Exhibit G**.

28. Meta has not filed an answer or other response to the Complaint in the San Mateo County Superior Court before removal and is not aware of any pending motions filed in that court.

29. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11. *See* 28 U.S.C. § 1446(a).

30. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiff's counsel and a copy, along with a notice of filing of the notice of removal, is being filed with the Clerk of San Mateo County Superior Court.

31. Meta reserves the right to amend or supplement this Notice of Removal. Meta further reserves all rights and defenses, including, but not limited to, those available under the Federal Rules of Civil Procedure.

## V. JURY TRIAL DEMAND

32. Meta demands a trial by jury of all issues so triable.

## VI. CONCLUSION

33. Meta respectfully requests that this Court exercise jurisdiction over this action, and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the San Mateo County Superior Court.

Dated: February 24, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

By *__/s/ Melanie M. Blunschi__*

Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Gary Feinerman (*pro hac vice* forthcoming)
*gary.feinerman@lw.com*
Kathryn J. Georger (*pro hac vice* forthcoming)
*katie.george@lw.com*
330 N. Wabash Ave., Suite 2800
Chicago, IL 60611
Telephone: (312) 876-7700

*Attorneys for Defendant*
*Meta Platforms, Inc.*