LATHAM & WATKINS LLP
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Nicholas Rosellini (Bar No. 316080)
*nick.rosellini@lw.com*
Alisha Nguyen (Bar No. 344450)
*alisha.nguyen@lw.com*
Carmen Crossley (Bar No. 344856)
*carmen.crossley@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Gary Feinerman (*pro hac vice*)
*gary.feinerman@lw.com*
Kathryn K. George (*pro hac vice*)
*katie.george@lw.com*
330 N. Wabash Ave., Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700

*Attorneys for Defendant*
*Meta Platforms, Inc.*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

NICHOLAS ROBINSON, individually and on behalf of all others similarly situated,

Plaintiff,

v.

META PLATFORMS, INC.,

Defendant.

Case No. 3:26-cv-01616-CRB

**DEFENDANT META PLATFORMS, INC.'S REQUEST FOR JUDICIAL NOTICE AND INCORPORATION BY REFERENCE IN SUPPORT OF MOTION TO DISMISS CLASS ACTION COMPLAINT**

Hearing: June 26, 2026
Time: 10:00 a.m.
Location: Courtroom 6—17th Floor
Judge: Hon. Charles R. Breyer

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on Friday, June 26, 2026 at 10:00 a.m., or as soon thereafter as the matter may be heard, before the Honorable Charles R. Breyer, United States District Court, Courtroom 6, 17th Floor, 450 Golden Gate Avenue, San Francisco, California, Defendant Meta Platforms, Inc. ("Meta") will and hereby does respectfully request that in connection with its Motion to Dismiss Class Action Complaint, the Court consider the documents attached as Exhibits 1-11 to the accompanying Declaration of Melanie M. Blunschi in Support of Meta's Motion to Dismiss Class Action Complaint, filed concurrently herewith. The documents are properly considered by the Court on Meta's motion because they are incorporated by reference into the Class Action Complaint and/or subject to judicial notice under Federal Rule of Evidence 201.

Dated: April 13, 2026

Respectfully submitted,

LATHAM & WATKINS LLP

By: /s/ Melanie M. Blunschi

Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Nicholas Rosellini (Bar No. 316080)
*nick.rosellini@lw.com*
Alisha Nguyen (Bar No. 344450)
*alisha.nguyen@lw.com*
Carmen Crossley (Bar No. 344856)
*carmen.crossley@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Gary Feinerman (*pro hac vice*)
*gary.feinerman@lw.com*
Kathryn K. George (*pro hac vice*)
*katie.george@lw.com*
330 N. Wabash Ave., Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700

*Attorneys for Defendant Meta Platforms, Inc.*

## I. INTRODUCTION

Defendant Meta Platforms, Inc. ("Meta") respectfully requests that the Court consider the following documents submitted in connection with Meta's Motion to Dismiss the Class Action Complaint ("Complaint"), as described below and attached to the concurrently filed Declaration of Melanie M. Blunschi ("Blunschi Declaration"):

1. **Exhibit 1:** a true and correct copy of the Facebook sign-up page, as it appeared on November 2, 2022, before the start of the proposed class period on January 20, 2023.

2. **Exhibit 2:** a true and correct copy of the Facebook sign-up page, as it appeared on March 28, 2026, and when the Complaint was filed on January 20, 2026.

3. **Exhibit 3:** a true and correct copy of Meta's Terms of Service, as it appeared on January 1, 2023, and at the start of the proposed class period on January 20, 2023.

4. **Exhibit 4:** a true and correct copy of Meta's current Terms of Service, effective as of January 1, 2025, and when the Complaint was filed on January 20, 2026.

5. **Exhibit 5:** a true and correct copy of Meta's Privacy Policy, effective from July 26, 2022, through December 31, 2022, which coincides with the date of the "California Privacy Notice" cited in footnote 28 of the Complaint.

6. **Exhibit 6:** a true and correct copy of Meta's Privacy Policy, effective as of January 1, 2023, and at the start of the proposed class period on January 20, 2023.

7. **Exhibit 7:** a true and correct copy of Meta's current Privacy Policy, effective as of December 16, 2025, and when the Complaint was filed on January 20, 2026.

8. **Exhibit 8:** a true and correct copy of Meta's United States Regional Privacy Notice ("Regional Privacy Notice"), effective as of January 1, 2023, and at the start of the proposed class period on January 20, 2023.

9. **Exhibit 9:** a true and correct copy of Meta's current Regional Privacy Notice, effective as of May 23, 2025, and when the Complaint was filed on January 20, 2026.

10. **Exhibit 10:** a true and correct copy of an excerpt from Meta's Privacy Policy, as it appeared on July 26, 2022, which coincides with the date of a "California Privacy Notice" cited in footnote 28 of the Complaint.

11. **Exhibit 11:** a true and correct copy of an excerpt from Meta's Privacy Policy, as it appeared on January 1, 2023, which coincides with the date that the Regional Privacy Notice in Exhibit 8 went into effect.

All of these documents are properly considered because they are incorporated by reference into and integral to the Complaint and/or subject to judicial notice under Federal Rule of Evidence 201. *First*, all exhibits to the Blunschi Declaration are incorporated by reference because they are publicly available documents that Plaintiff relies on in the Complaint and that form the basis of Plaintiff's claims. *Second*, all exhibits to the Blunschi Declaration also are properly subject to judicial notice under Rule 201 because each is a matter of public record and/or otherwise available in the public domain, and each can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

For both reasons, courts routinely consider online terms of service and privacy policies at the pleading stage. *See, e.g.*, *Stark v. Patreon, Inc.*, 635 F. Supp. 3d 841, 850 (N.D. Cal. 2022) (incorporating by reference terms of use and privacy policies); *In re Apple Data Priv. Litig.*, 2026 WL 146025, at *2 (N.D. Cal. Jan. 20, 2026) (noting that "courts regularly take judicial notice" of "publicly-available online privacy policies and terms"). So too with Meta's terms of service and privacy policies. *See, e.g.*, *Delgado v. Meta Platforms, Inc.*, 718 F. Supp. 3d 1146, 1158 n.4 (N.D. Cal. 2024) (taking judicial notice of Meta's Privacy Policy, Terms of Service, and Regional Privacy Notice); *Moates v. Facebook Inc.*, 2024 WL 2853976, at *1 n.1 (N.D. Cal. Apr. 3, 2024) (similar); *Doe v. Meta Platforms, Inc.*, 690 F. Supp. 3d 1064, 1084 n.8 (N.D. Cal. 2023) (similar). This case should be no exception.

## II. LEGAL STANDARD

In deciding a motion to dismiss, a court may consider "materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

The doctrine of incorporation by reference "treats certain documents as though they are part of the complaint itself." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018). The purpose of the doctrine is to "prevent[] plaintiffs from selecting only portions of documents that support their claims, while omitting portions of those very documents that weaken—or doom—their claims." *Id.* A document is incorporated by reference "if the plaintiff

refers extensively to the document or the document forms the basis of the plaintiff's claim." *Id.*[1] For that reason, the doctrine may apply even to "documents or portions thereof that are not expressly referenced in the complaint if the claims depend on [the] documents' contents." *Narayanan v. Apple Inc.*, 2026 WL 323416, at *3 (N.D. Cal. Feb. 6, 2026); *accord Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). And the doctrine "applies with equal force to internet pages as it does to printed material." *Knievel*, 393 F.3d at 1076.

Courts may also take judicial notice of matters that are "not subject to reasonable dispute." Fed. R. Evid. 201(b). A "fact is not subject to reasonable dispute if it is generally known, or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Khoja*, 899 F.3d at 999. In general, "websites and their contents may be judicially noticed." *Threshold Enters. Ltd. v. Pressed Juicery, Inc.*, 445 F. Supp. 3d 139, 146 (N.D. Cal. 2020) (collecting cases). Likewise, "publicly-available online privacy policies and terms" are properly the subject of judicial notice and routinely considered in deciding motions to dismiss in cases involving data privacy-related claims. *In re Apple Data Priv. Litig.*, 2026 WL 146025, at *2; *see also, e.g.*, *Zhang v. Twitter, Inc.*, 2023 WL 5493823, at *3 (N.D. Cal. Aug. 23, 2023) (noting that "[c]ourts routinely take judicial notice of terms of service").

## III. ARGUMENT

### A. The Exhibits Are Incorporated By Reference Into The Complaint

Throughout the Complaint, Plaintiff cites various Meta policies and webpages to support his claims while ignoring critical context and other documents referenced within them. This is a textbook case for applying the incorporation-by-reference doctrine.

**Facebook Sign-Up Page (Exhibits 1-2).**[2] "Under the incorporation by reference doctrine, the court may consider" a webpage if the complaint "cites, discusses, and hyperlinks [to] it." *Battle v. Taylor James, LLC*, 607 F. Supp. 3d 1025, 1039 (C.D. Cal. 2022). Here, the Complaint broadly

---

[1] Unless otherwise stated, all internal citations, quotation marks, and alterations are omitted.

[2] Meta attaches the publicly available versions of the Facebook sign-up page (Exhibits 1-2) as it appeared on November 2, 2022, before the start of the proposed class period, Compl. ¶ 118, and on March 28, 2026, after Plaintiff filed the complaint, *see id.* at p.36.

alleges that "[n]owhere in [Meta's] webpages, or anywhere else on its website, does [Meta] obtain permission for use of Plaintiff's" data. Compl. ¶ 75; *see also id.* ¶¶ 74-80, 83, 85. Because the Complaint makes allegations about Meta's entire website, the Court may incorporate by reference the website "*in its entirety*." *Gerritsen v. Warner Bros. Ent. Inc.*, 116 F. Supp. 3d 1104, 1119 (C.D. Cal. 2015) (emphasis in original).[3] The Complaint also repeatedly references Meta's Privacy Center, alleging it displays a "link" that "leads to the Facebook login page." Compl. ¶¶ 76, 80-81; *see also id.* ¶¶ 74, 77-79, 82-86 & n.18. The login page, in turn, displays a "Create new account" button directing users to the sign-up page. *Login Page*, Facebook, https://www.facebook.com/login (last visited April 13, 2026).

Incorporation by reference is particularly appropriate because Plaintiff ignores the portions of Meta's website that undercut his claims. Plaintiff alleges that he is an active Facebook user. Compl. ¶¶ 15, 109-110. The Facebook sign-up page contains language stating that Facebook users assent to Meta's Terms of Service and Privacy Policy. *See* Ex. 1 at 1; Ex. 2 at 1; *see also Meta Platforms, Inc. v. Nguyen*, 2023 WL 8686924, at *2 (N.D. Cal. Nov. 21, 2023). Those policies include clear disclosures related to Meta's receipt and use of voice and audio data, establishing Plaintiff's consent to the conduct he challenges. *See* Mot. at 3-4, 10-15; Exs. 3-11. Plaintiff cannot ignore the sign-up page's references to these policies while citing and relying on other parts of Meta's website. *See Khoja*, 899 F.3d at 1002 (incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims"). In similar circumstances, courts routinely find "welcome screens" incorporated by reference—and suitable to consider in deciding whether the defendant "disclosed its [data] collection practices and whether [p]laintiffs consented to those collection practices." *Libman v. Apple, Inc.*, 2024 WL 4314791, at *4 (N.D. Cal. Sep. 26, 2024); *accord E.G. Ground Mgmt. v. YCharts, Inc.*, 2015 WL 13357669, at *2 (C.D. Cal. May 8, 2015).

---

[3] *See also, e.g.*, *Knievel*, 393 F.3d at 1076-77 (incorporating by reference webpages surrounding the excerpted webpage that plaintiffs included in complaint); *UAB "Planner 5D" v. Facebook, Inc.*, 2019 WL 6219223, at *2 n.1 (N.D. Cal. Nov. 21, 2019) (incorporating by reference defendant's website, where complaint "repeatedly refer[red] to [the] website and include[d] its web address in the [c]omplaint").

**Meta's Terms of Service (Exhibits 3-4), Privacy Policy (Exhibits 5-7), and Regional Privacy Notice (Exhibits 8-9).**[4] For similar reasons, Meta's Terms of Service (Exhibits 3 and 4), Privacy Policy (Exhibits 5 through 7), and Regional Privacy Notice (Exhibits 8 and 9) are incorporated by reference. As discussed above, the Complaint expressly relies on Meta's website, where those terms and policies appear, and on Meta's Privacy Center, which incorporates these terms and policies. *See* Compl. ¶¶ 74-86, 77 n.18. Because Plaintiff makes allegations about Meta's entire website, including the Privacy Center, the Court may incorporate by reference the terms and policies incorporated on the website. *See A.S. v. SelectQuote Ins. Servs.*, 2024 WL 3881850, at *4 (S.D. Cal. Aug. 19, 2024) (incorporating by reference "website's privacy policy" where complaint referenced other portions of the website); *accord Gerritsen*, 116 F. Supp. 3d at 1119; *Knievel*, 393 F.3d at 1076-77; *Khoja*, 899 F.3d at 1002. Moreover, the Complaint devotes entire sections to citing, quoting, and reproducing screenshots purporting to show the Privacy Policy and Regional Privacy Notice. *See* Compl. ¶¶ 67, 74, 79, 81, 84-85, 87-93, 95-106 & nn.24-27, 29-38. And despite including only screenshotted excerpts, the Complaint explicitly characterizes the policies in their entirety. *See, e.g.*, *id.* ¶ 87 (alleging "nothing in [Meta's] privacy policy discloses the existence or use of" certain data); *id.* ¶ 105 (alleging Regional Privacy Notice "does not seek any affirmative assent prior to obtaining" certain data). The Complaint therefore incorporates the policies in their entirety. *See, e.g.*, *Moates*, 2024 WL 2853976, at *1 n.1 (incorporating by reference Meta policy "directly referenced" in complaint); *In re Eventbrite, Inc. Secs. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020); *Gerritsen*, 116 F. Supp. 3d at 1119; *Knievel*, 393 F.3d at 1076-77; *Khoja*, 899 F.3d at 1002.

Additionally, incorporation by reference is appropriate because Meta's terms and policies "form[] the basis" of Plaintiff's claims. *Khoja*, 899 F.3d at 1002. Plaintiff's sole claim—asserted under the California Comprehensive Computer Data Access and Fraud Act ("CDAFA")—depends

---

[4] Meta attaches publicly available versions of the Terms of Service (Exhibits 3-4), Privacy Policy (Exhibits 6-7), and Regional Privacy Notice (Exhibits 8-9) that were in effect at the start of the proposed class period, Compl. ¶ 118, and on January 20, 2026, when Plaintiff filed the Complaint, *id.* at 36. In addition, Meta also attaches the publicly available version of the Privacy Policy (Exhibit 5) that was in effect as of July 26, 2022, which coincides with the date of the "California Privacy Notice" cited in footnote 28 of the Complaint. *Id.* ¶ 94 n.28.

on establishing lack of consent to Meta's receipt and use of voice and audio data that he uploaded to Meta's services. Mot. at 2-3, 10-13; Cal. Penal Code § 502(c)(2) (requiring that defendant acted "without permission"). But Meta's policies contain clear disclosures related to its receipt and use of such data, and to Plaintiff's consent thereto. Because Plaintiff's claims are "dependent upon the extent and sufficiency of [Meta's] disclosures," the "disclosures form the basis of the claims themselves" and may be incorporated by reference. *Gershfeld v. TeamViewer US, Inc.*, 2023 WL 334015, at *1 (9th Cir. Jan. 20, 2023); *see also Garcia v. Enter. Holdings, Inc.*, 78 F. Supp. 3d 1125, 1136-37 (N.D. Cal. 2015) (incorporating by reference terms of service and privacy policy because plaintiff's claims "necessarily depend[ed] on the application of [those] policies—which relate directly to the issue of consent"); *Stark*, 635 F. Supp. 3d at 850; *Libman*, 2024 WL 4314791, at *4-5; *E.G. Ground Mgmt.*, 2015 WL 13357669, at *2.

**Wayback Machine Screenshots of Privacy Policy (Exhibits 10-11).**[5] Plaintiff attempts to establish lack of consent by alleging that "[p]rior to May 23, 2025," clicking on the Privacy Policy's hyperlink entitled "Regional Privacy Notice" actually "led to a 'California Privacy Notice.'" Compl. ¶ 94. This allegation—clearly copied from the complaint in *Delgado v. Meta*, No. 23-cv-04181-SI (N.D. Cal. Aug. 16, 2023)—is refuted by Exhibits 10 and 11, which show the hyperlink was changed from "California Privacy Notice" to "Regional Privacy Notice" on *January 1, 2023*. *See* Mot. at 11 n.3.[6] Incorporation by reference is therefore appropriate to prevent Plaintiff from using "artful pleading" to misrepresent documents he relies on "while omitting portions" that doom his claim. *Khoja*, 899 F.3d at 1002-03.

---

[5] Meta attaches screenshots of publicly available versions of the Privacy Policy from the Internet Archive Wayback Machine (Exhibits 10-11) as they appeared on July 26, 2022, which coincides with the date of a "California Privacy Notice" cited in footnote 28 of the Complaint, Compl. ¶ 94 n.28, and on January 1, 2023, which coincides with the date that the Regional Privacy Notice in Exhibit 8 went into effect, *see* Ex. 8.

[6] *See also* Ex. 10 (showing in bottom-left corner that as of July 26, 2022, clicking Privacy Policy's "California Privacy Notice" text led to https://www.facebook.com/legal/policy/***ccpa***); Ex. 11 (showing in bottom-left corner that as of January 1, 2023, clicking Privacy Policy's "United States Regional Privacy Notice" text led to https://www.facebook.com/privacy/policies/***uso***).

### B. The Exhibits Are Also Subject To Judicial Notice

Exhibits 1 through 11 may also be considered because they are judicially noticeable: they are publicly available documents whose contents "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

"In general, websites and their contents may be judicially noticed," and courts "routinely take judicial notice of terms of service" and privacy policies. *Hirlinger v. WP Co.*, 2024 WL 2941630, at *2 (N.D. Cal. June 10, 2024) (collecting cases).[7] Courts also frequently take judicial notice of previous versions of webpages archived by the Wayback Machine, such as Exhibits 1, 3, 10, and 11. *See, e.g.*, *In re Facebook, Inc. Sec. Litig.*, 405 F. Supp. 3d 809, 829 (N.D. Cal. 2019) (taking judicial notice of a Meta privacy policy archived by the Wayback Machine), *rev'd in part on other grounds*, 87 F.4th 934 (9th Cir. 2023).[8] The Court should follow the same course here and take judicial notice of Exhibits 1 through 11.

## IV. CONCLUSION

For the foregoing reasons, Meta respectfully requests that the Court incorporate by reference and/or judicially notice the exhibits attached to the Blunschi Declaration when ruling on Meta's Motion to Dismiss.

---

[7] *See also, e.g.*, *In re Apple Data Priv. Litig.*, 2026 WL 146025, at *2 (noting that "courts regularly take judicial notice" of "publicly-available online privacy policies and terms"); *SelectQuote*, 2024 WL 3881850, at *4 (noting that courts are "permitted to take judicial notice of privacy polices that appear on publicly available websites"); *Zhang*, 2023 WL 5493823, at *3 (noting that "[c]ourts routinely take judicial notice of terms of service"); *Doe*, 690 F. Supp. 3d at1084 n.8 (taking judicial notice of Meta's Terms of Service and Privacy Policy); *UAB "Planner 5D"*, 2019 WL 6219223, at *2 n.2 (taking judicial notice of terms of service on public website); *Libman*, 2024 WL 4314791, at *5 (taking judicial notice of "privacy disclosures … available on public websites"); *Opperman v. Path, Inc.*, 205 F. Supp. 3d 1064, 1068 n.3 (N.D. Cal. 2016) (taking judicial notice of privacy policies that were "publicly available on the [defendant's] website"); *Pressed Juicery*, 445 F. Supp. 3d at 146 (taking judicial notice of publicly available websites and collecting cases).

[8] *See also, e.g.*, *Brown v. Google LLC*, 525 F. Supp. 3d 1049, 1061 (N.D. Cal. 2021) (taking judicial notice of webpages archived by the Wayback Machine); *Erickson v. Neb. Mach. Co.*, 2015 WL 4089849, at *1 n.1 (N.D. Cal. July 6, 2015) (noting that courts "have taken judicial notice of the contents of web pages available through the Wayback Machine"); *Zhang*, 2023 WL 5493823, at *3 (noting that courts "routinely take[] judicial notice of content from the Internet Archive's Wayback Machine").

Dated: April 13, 2026

Respectfully submitted,

LATHAM & WATKINS LLP
By: /s/ Melanie M. Blunschi
Melanie M. Blunschi (Bar No. 234264)
*melanie.blunschi@lw.com*
Nicholas Rosellini (Bar No. 316080)
*nick.rosellini@lw.com*
Alisha Nguyen (Bar No. 344450)
*alisha.nguyen@lw.com*
Carmen Crossley (Bar No. 344856)
*carmen.crossley@lw.com*
505 Montgomery St., Suite 2000
San Francisco, CA 94111
Telephone: +1.415.391.0600

Gary Feinerman (*pro hac vice*)
*gary.feinerman@lw.com*
Kathryn K. George (*pro hac vice*)
*katie.george@lw.com*
330 N. Wabash Ave., Suite 2800
Chicago, IL 60611
Telephone: +1.312.876.7700

*Attorneys for Defendant*
*Meta Platforms, Inc.*